IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No.  11-cv-01198-RBJ-BNB

VICKI DILLARD,

Plaintiff,

v.

JEFFREY D. SERVIN, ESQ., and
SERVIN ASSOCIATES,

Defendants.

_____

# ORDER
_____

This matter arises on two motions (the "Motions") filed by the plaintiff:

1. **Plaintiff's Motion for the Court to Enter Default Judgment Against Defendants**

**for Non-Compliance** [Doc. #21, filed 09/28/2011] (the "First Motion"); and

2. **Plaintiff's Combined Motion for Default Judgment II Against Defendants &**

**Contempt of Court** [Doc. #31, filed 01/20/2012] (the "Second Motion").

The Motions are frivolous, and they are DENIED.

The plaintiff filed her Complaint on May 4, 2011 [Doc. #1].  The defendants filed their

Answer on July 12, 2011 [Doc. #11].  Attached to the Answer is a copy of a letter dated July 8,

2011, from defendant Servin to the plaintiff which states "[e]nclosed please find an Answer to

Complaint in the above captioned matter . . . ."  The Answer does not contain a certificate of

service as required by Rule 5(d)(1), Fed.R.Civ.P.

On August 12, 2011, the plaintiff filed a motion to compel the defendants to serve her with a copy of the Answer [Doc. #13]. The Motion was granted "to require the defendants to serve on the plaintiff, as required by the Federal Rules of Civil Procedure and the local rules of this court, all papers filed with the court," and denied in all other respects [Doc. #17].

In her First Motion, the plaintiff states that as of September 28, 2011, the defendants have not served her with a copy of the Answer. She requests that the court "enter the maximum judgment in favor of Plaintiff and against Defendant(s) as delineated in her Complaint and subsequent motions and filings, holding Defendants in default . . . ."

On October 18, 2011, the defendants filed a response to the First Motion [Doc. #26]. Defendant Servin states under oath that "a Answer was previously sent to the Defendant at her address of record" and "[i]n any event, Defendant has forwarded an Answer again to the above address via Express Overnight Mail."[1]

In her Second Motion, the plaintiff states that she "believes that Defendants' response was woefully deficient and incoherent" and "did not appositely address their intentional reasons for blatant recalcitrance to the Court rules." She states that she "contacts Defendants on any movement she intends to take in this Court; however, at no time has Defendants responded to Plaintiff on their own accord." She further states that the defendants "have *continued to deliberately* ignore the Court's protocol and procedures" and that she "reached out to Defendants again this week regarding this case and has, thus far, received no response!" She claims that the

---

[1]I have quoted the parties' filings as written, without correction or acknowledgment of error. It is apparent that Mr. Servin erroneously stated that he served the Answer on the "Defendant" instead of stating that he served it on the plaintiff.

defendants' "present and continued intransigence is hampering [her] ability to complete her work appositely, at present."

The plaintiff does not specify the nature of the defendants' "continued" behavior; the nature of her recent contact with the defendants; or exactly how the defendants are hampering her ability to prosecute this case.  She requests that the court "grant her judgment by default against Defendants, along with holding them in contempt, and issue an Order establishing a means by which to determine the amount of damages to be awarded against Defendants and in favor of Plaintiff."

The Federal Rules of Civil Procedure provide that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed.R.Civ.P. 55(a).  A default judgment may be entered only if the defendant is in default.  Fed.R.Civ.P. 55(b).  Entry of default is a harsh sanction, contrary to the preferred policy of the resolution of disputes on the merits.  Rupliger v. Rains, 946 F.2d 731, 732 (10th Cir. 1991).  Consequently, a default normally is appropriate only where the adversary process has been halted because of an essentially unresponsive party.  Id.

Here, the defendants were served on June 15, 2011 [Doc. #9 and #10].  Their Answer was due on July 6, 2011.  Fed.R.Civ.P. 12(a)(1)(A)(I).  Although the defendants did not file their Answer until July 12, 2011, it is clear from the record that they are defending the case.  They filed an Answer; attended the Scheduling Conference on September 2, 2011; and filed responses to the plaintiffs' First and Second Motions.  The Clerk has not entered a default against the defendants, and the record does not support entry of default against them.  The plaintiff's

requests for default judgment based on a service issue and vague allegations of misbehavior are unsupported by the facts and the law.

Civil contempt is a sanction "to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance." Law v. National Collegiate Athletic Ass'n, 134 F.3d 1438, 1442 (10th Cir. 1998) (internal quotations and citation omitted).  A plaintiff must prove liability for civil contempt by clear and convincing evidence. Reliance Ins. Co. v. Mast Const. Co., 159 F.3d 1311, 1315 (10th Cir. 1998).  The plaintiff has not provided the court with any evidence, specific factual allegations, or authority to support her request for a contempt sanction against the defendants.

IT IS ORDERED:

1.   The Motions are DENIED, and

2.   The plaintiff is cautioned against the continued filing of frivolous motions.  Failure to comply may result in sanctions, including dismissal of this case.

Dated March 13, 2012.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge