IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01198-RBJ-BNB

VICKI DILLARD,

Plaintiff,

v.

JEFFREY D. SERVIN, ESQ., and
SERVIN ASSOCIATES,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiff's Response to the Court's Order 3/19/20** [sic] **Doc. 42** [Doc. #43, filed 03/27/2012]. I construe the "response" as a request to reconsider my order issued on March 19, 2012 (the "Motion to Reconsider"). The Motion to Reconsider is frivolous and is DENIED.

On March 19, 2012, I struck [Doc. #42] the plaintiff's Motion for Summary Judgment [Doc. #38]. In doing so, I stated:

> The plaintiff filed her Motion on March 15, 2012. The deadline
> for filing dispositive motions was January 31, 2012--44 days
> before the plaintiff filed her Motion. When an enlargement of time
> is sought after expiration of a specified deadline, the movant must
> show that the failure to act was the result of excusable neglect.
> Fed. R. Civ. P. 6(b)(1)(B). The plaintiff does not acknowledge that
> the deadline has expired, nor does she establish excusable neglect.

The plaintiff asserts that she could not file her summary judgment motion any earlier because she was preparing for a scheduling conference in Civil Action No. 11-cv-01928-RBJ

which was held on January 31, 2012, the same day as the dispositive motion deadline in this case. The scheduling conference in Civil Action No. 11-cv-01928-RBJ was set on January 3, 2012. Thus, the plaintiff had a month to prepare for it. The dispositive motion deadline in this case was set on September 2, 2011 [Doc. #18]. The plaintiff had notice of the dispositive motion deadline five months in advance. It is not plausible that the plaintiff could not both attend the scheduling conference in Civil Action No. 11-cv-01928-RBJ and file a timely dispositive motion in this case. Moreover, the plaintiff did not file her summary judgment motion until March 15, 2012--two and one-half months after the scheduling conference in Civil Action No. 11-cv-01928-RBJ and two and one-half months after the dispositive motion deadline in this case. She does not explain the extended delay.

The plaintiff asserts that she "was also awaiting a good faith response from Defendants in hopes to avoid further movement with the Court." She does not explain what type of response she was awaiting or why she waited months for that response.

The plaintiff further asserts that she "is pro se and endeavors to be even more cognizant of protocol and procedures." However, this is not the first time the plaintiff has sought an extension of time after a deadline has passed. She was told on March 3, 2012 [Doc. #36], that "[w]hen an extension of time is sought after a specified deadline, the movant must show that the failure to act was the result of excusable neglect." The plaintiff ignored this order and filed her summary judgment motion out of time and without any explanation. The plaintiff *pro se* status does not excuse her from following "the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994).

The plaintiff argues that she has "acted with prudence throughout this case." This argument is particularly disingenuous given the fact that the plaintiff failed to appear for a final pretrial conference on March 14, 2012, did not submit a proposed final pretrial order, and did not contact the court. In her response [Doc. #41] to my Order to Show Cause [Doc. #37] why the case should not be dismissed for this behavior, she stated that "she simply forgot to appear" and "inadvertently spaced it."

The plaintiff, although proceeding pro se, is an experienced litigant. My review of the court's electronic case management data base shows that she has been a plaintiff in at least six cases in this court and a defendant in at least two cases. She has not shown excusable neglect for filing her summary judgment motion out of time. Rather, she has wasted the court's time and resources with her Motion to Reconsider.

I find that the plaintiff is engaged in abusive litigation conduct. She was previously cautioned against filing frivolous motions [Doc. #35]. As the Tenth Circuit Court of Appeals has made clear:

> [T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. No one, rich or poor, is entitled to abuse the judicial system.

Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

The plaintiff is unnecessarily burdening the court. Consequently, the plaintiff shall cease making inappropriate filings.

IT IS ORDERED:

(1) The Motion to Reconsider [Doc. # 43] is DENIED;

(2) The plaintiff shall cease filing inappropriate and frivolous motions; and

(3)   Failure to comply with this order will result in sanctions, including dismissal of this action with prejudice.

Dated May 29, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge