IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 11-cv-01198-RBJ-BNB

VICKI DILLARD,

      Plaintiffs,

v.

JEFFREY D. SERVIN, ESQ. and
SERVIN ASSOCIATES,

      Defendants.

---

ORDER

---

      The plaintiff, representing herself *pro se*, filed the complaint that initiated this case on May 4, 2011.  An answer was filed on July 7, 2011.  Since that time little of substance has happened.  On May 29, 2012 a magistrate judge ordered the plaintiff to cease filing inappropriate and frivolous motions.  The Court set a status conference for October 19, 2012.  On October 15, 2012 the plaintiff filed a "Motion for Writ of Habeas Corpus," asking that she be brought from the "Denver County Jail" where she had been temporarily detained.  The Court vacated the October 19, 2012 status conference and requested that the parties file a status report by November 2, 2012.  Neither the plaintiff nor the defendants filed a status report.

      On November 30, 2012 the Court issued an order that the plaintiff show cause by December 14, 2012 as to why the case should not be dismissed for failure to prosecute.  On December 14, 2012 the plaintiff filed her response [#54].  She complained that she had been unjustly incarcerated in another case, and that the U.S. Marshall had taken possession of

numerous legal documents including "the latest order related to this case." *Id.* She asked that

the Court stay all proceedings until March 4, 2013 and accept monthly status reports from her

updating the Court on this case, her incarceration, and her ability to proceed with the case.

Nothing further has been filed in this case.

     This Court takes judicial notice of the court's files.  On December 16, 2012 the plaintiff

was convicted by jury trial of eight counts of mail fraud and eight counts of wire fraud in case

No. 10CR170 (U.S.A. v. Vicki Dillard Crowe).  The case involved misrepresentations to lenders

in connection with the purchase of various properties.  Ms. Dillard was subsequently sentenced

to serve a five-year prison sentence followed by three years of supervised release, and she was

ordered to make restitution in the amount of $2,408.142.37.  An appeal is pending.  She has filed

several civil cases in this court relating in one way or another to the foreclosure of her home at

1933 South Downing Street in Denver.  Case No. 09CV3008 (against the Bank of New York)

was dismissed on a motion to dismiss.  Case No. 11CV1928 (against the City and County of

Denver and Sheriff's Deputies who participated in eviction procedures) was dismissed on a

motion for summary judgment.  In Case No. 12CV2266 (against the City and County of Denver

and police officers who participated in eviction procedures) a magistrate judge ordered the

plaintiff to show cause as to why the case should not be dismissed as duplicative of 11CV1928.

The plaintiff filed a response, and she has been given 30 days from January 28, 2013 in which to

filed an amended complaint.

     I am aware that incarceration has an impact on one's ability to participate in civil

litigation.  However, the files of the court are thick with cases being prosecuted by individuals

incarcerated in both federal and state institutions.  In her response to this Court's order to show

cause, Ms. Dillard suggests a stay until March 4, 2013 without explaining the significance of that

date.  More importantly, her proposal to require monthly status reports on her ability to prosecute the case amounts to the potential of an indefinite stay until she feels able and willing to resume the responsibilities that fall on civil litigants, including pro se litigants.  Meanwhile she has her criminal appeal and another civil case in this court requiring her time and attention.

**Order**

In view of all of the circumstances, the Court dismisses this case without prejudice for failure to prosecute.  Each party will bear his, her and its own costs.

DATED this 4th day of February, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge